UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AYODEJI T. DAIRO, | ) | Case No. 10 B 35901 |
| | ) | Chapter 13 |
| Debtor, | ) | Judge Jack B. Schmetterer |
| --------------------------------- | ) | |
| | ) | |
| AYODEJI T. DAIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary No. 10-02399 |
| BAC HOME LOAN SERVICING | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |

### FINDING OF FAC T AND CONCLUSIONS OF LAW ON ADVERSARY COMPLAINT TO DETERMINE VALUE OF SECURED CREDITOR'S CLAIM PURSUANT TO 11 U.S.C. SECTION 506(a)

### Findings of Fact

1. The Debtor, AYODEJI T. DAIRO, filed this Chapter 13 case on August 11, 2010. She Currently owns her primary residence (hereinafter referred to as "PRIMARY RESIDENCE") presently located at 18401 Darty Dr., Country Club Hills, Illinois 60478, legally described to wit:

   > LOT 117 IN CASTLE DARGAN LAKES ESTATES PHASE 2, BEING A SUBDIVISION OF PART OF LOTS 10 AND 11 IN MARYCREST, BEING A SUBDIVISION OF PART OF THE NORTHEAST ¼ AND PART OF THE SOUTHEAST ¼ OF SECTION 4, TOWNSHIP 35 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

2. The Debtor's PRIMARY RESIDENCE is presently encumbered with a first and second mortgage currently held by Bank of America Home Loan Servicing for

    $489,734.00 and $94,884.00, respectively. Both mortgages are recorded against the subject property.

3. The value of the subject property determined by the certified appraiser dated October 2, 2010 is $271,000.

4. Bank of America did not file a claim for the first mortgage secured against the subject property however Bank of America did in fact file a claim for the second mortgage secured against the property on October 18, 2010 in the amount of $100,566.72.

5. On February 4, 2011, the Debtor filed a modified Chapter 13 plan. (hereinafter referred to as "the Plan").

6. The Plan filed on February 4, 2010 provides for the following:

   a. Debtor to make payments to the trustee in the amount of $662.00 per month for 52 months;

   b. Debtor to modify the first mortgage held by Bank of America and secured against the Primary Residence;

   c. Debtor to avoid the second mortgage held by Bank of America and to have the Court to determine its secured status and declare said mortgage as "unsecured" and therefore treat is as other "unsecured" creditors in the plan.

   d. Debtor to surrender all real properties with the exception of Debtor's PRIMARY RESIDENCE in full satisfaction of the secured mortgages held against each subject property.

   e. Debtor to pay Creditor, Toyota Motor Credit, its secured claim based upon the existing market value of the collateral namely, a 2005 Infiniti QX56 having 80,000 miles at 5.25%.

   f. Debtor to pay all unsecured claims a 2% dividend based upon the timely filed claims.

7. On November 29, 2010, the Debtor issued a summons and complaint pursuant to 11 U.S.C. Section 506(a) and Bankruptcy Rule 3012 to determine the value of security and creditor's allowed secured claim on Bank of America by certified first class mail with return receipt requested to its registered agent, CT Corporation.

8. The summons informed the registered agent that an Appearance and Answer must be filed within 30 days of service of said summons. To date neither an Answer nor an Appearance has been filed by the Defendant.

9. Bank of America Home Loan Servicing has not provided or presented any evidence that the secured claim is not valid and more importantly, no evidence that the appraised value is anything other than $271,00 as outlined in the certified Appraisal attached and filed with Debtor's Complaint.

10. The first mortgage held by Bank of America Home Loan Servicing in the amount of $584,618.00 exhaust all the equity and value in Debtor's Primary Residence and therefore there is no value nor equity to support the second mortgage held by Bank of America for $100,566.72.

## Conclusions of Law

1. Jurisdiction lies under 28 U.S.C. Section 1334 (b) to adjudicate, approve, and enforce the Debtor's effort by the Chapter 13 Plan to determine through confirmation and completion of such plan that the Debtor's second mortgage will no longer be secured. This a core proceedings under 28 U.S.C. Section 157(b)(2)(k) to determine validity of liens.

2. The first mortgage held by BAC Home Loan Servicing is secured in Debtor's Primary Residence.

3. The claim of BAC Home Loan Servicing for the second mortgage in the amount of $100,566.72 is second in priority to the first mortgage secured held by BAC Home Loan Servicing and is thus junior to the first mortgage.

4. The value of Debtor's residence is $271,000.

5. As there is no value or equity to support the second lien held by BAC Home Loan Servicing, the claim for the second mortgage held by BAC Home Loan Servicing is not a claim secured at all by a secured interest in the Debtor's Primary Residence, as the term used in Section 1322 (b) of the Bankruptcy Code, and the Debtor's Chapter 13 Plan may value the collateral under the Federal Bankruptcy Rule 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation, thereof, completion of the Plan by the Debtot, and entry of the discharge. See *In re Meyer 09 B 20268 (N.D. IL., January 29, 2010)*

6. Where there is no value available to secure the debt, then, in the language of the statute, there simply is no "claim secured only by a security interest in real property that is debtor's Primary Residence. 11 U.S.C. Section 1322(b)(2). The wholly unsecured falls outside the language of the statute. *In re Wie 2003 WL 156959, S.D.Ind., January 8, 2003.*

SO ORDERED this 14th day of February, 2011.

ENTERED:

Judge Jack B. Schmetterer

FEB 14 2011

Deadra Woods Stokes
ARDC #6234106
Deadra Woods Stokes & Associates, P.C.
4747 W. Lincoln Mall Drive
Suite 410
Matteson, IL 60443
708-283-5900